# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERALD IACONO, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 20 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California - Central
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 676571

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank A. Magnanimo, Esq. (SBN: 174570)     Tel.: (818) 305-3450, Fax: (818) 305-3451
MAGNANIMO & DEAN, LLP, 21031 Ventura Blvd., Suite 803, Woodland Hills, CA 91364

DATE: SEP 20 2017          SHERRI R. CARTER      Clerk, by _COLEMAN_, Deputy
*(Fecha)*                                        *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* International Business Machines Corporation, a New York corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



Exhibit A Page 5

Frank A. Magnanimo, Esq. - SBN 174570
*frank@magdeanlaw.com*
Lauren A. Dean, Esq. – SBN 174722
*lauren@magdeanlaw.com*
MAGNANIMO & DEAN, LLP
21031 Ventura Boulevard, Suite 803
Woodland Hills, California 91364
Telephone:  (818) 305-3450
Facsimile:   (818) 305-3451

Attorneys for Plaintiff
Gerald Iacono

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 20 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| GERALD IACONO, an individual | CASE NO.: BC 6 78 571 |
| Plaintiff, | 1. AGE DISCRIMINATION |
| vs. | 2. FAILURE TO PREVENT DISCRIMINATION |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1-50, inclusive, | 3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| Defendants. | 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | DEMAND FOR JURY TRIAL |

Plaintiff Gerald Iacono complains and alleges as follows:

## JURISDICTION AND VENUE

1.  This court has personal jurisdiction over the Defendants because they are residents of, have contacts with, and are doing business in the State of California.

2.  Venue is proper in this county in accordance with Sections 394 and 395(a) of the California Code of Civil Procedure and Government Code section 12965 because the Defendants, or some of them, reside in this county and/or the alleged wrongs occurred in this county.

1
COMPLAINT FOR DAMAGES

{Client Files-NEW/IACO01/001/PLD/00081874 Exhibit A Page  6    Printed on Recycled Paper

## PARTIES

3. Plaintiff Gerald Iacono (hereinafter "Iacono" or "Plaintiff") was and now is an individual residing in the State of California.

4. Iacono is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant International Business Machines Corporation, a New York corporation, was doing business in the State of California and employing individuals in the County of Los Angeles, State of California.

5. Defendants DOES 1 through 50 are sued as fictitious names, their true names and capacities being unknown to Iacono. When their true names and capacities are ascertained, Iacono will amend this complaint by inserting their true names and capacities. Iacono is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and those Defendants proximately caused, are responsible for, and/or legally liable for Iacono's damages as herein alleged. Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers to and includes all Defendants sued under fictitious names.

6. At all times material hereto, Iacono was an employee of Defendants, and each of them, covered by the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900 *et seq.*, which prohibits discrimination, harassment and retaliation in employment on the basis of age, and subjects Defendants to liability.

7. Iacono filed a Complaint of Discrimination with the California Department of Fair Employment and Housing and obtained his "right-to-sue" letter. Iacono has exhausted his administrative remedies.

8. At all times herein mentioned and with respect to the specific matters alleged in this complaint, Plaintiff is informed and believes that each defendant was a parent, subsidiary, affiliate, alter ego, partner, agent, franchisee, licensee, employee, employer, controlling franchiser, controlling licensor, principal, and/or joint venturer of each of the remaining defendants, and was at all times acting within the course and scope of such agency, service, employment, control and/or joint venture, and each defendant has ratified, approved, profited

from and/or authorized the acts of each of the remaining defendants and/or failed to prevent such acts when having the power and/or duty to do so, with full knowledge of said acts.

### FACTS COMMON TO ALL CAUSES OF ACTION

9. Iacono is a 58-year-old male.

10. Iacono began working for Defendant International Business Machines Corporation (hereinafter "IBM" or "Defendant") in 1982. After 34 years of exemplary service, IBM wrongfully laid off Iacono at the age of 57.

11. Over the course of Iacono's career, Iacono obtained numerous promotions and consistently attained the highest level of performance, as recognized by his numerous awards: IBM Golden Circle (Top 1%), IBM One Hundred Percent Club, IBM Leadership Awards, and Sales Manager of the Year. Iacono's performance resulted in consistent financial benefits, such as pay raises, retention bonuses, stock ownership and stock options recognizing his excellent performance, leadership and contributions to the company.

12. Iacono was considered an elite performer among his peers, and attained the title of Certified Client Executive, a certification program jointly administered by IBM and the Harvard School of Business. For the duration of Iacono's career with IBM, he was annually evaluated by his management as a "1" or "2" performer on IBM's five-point evaluation scale.

13. On May 19, 2016, Todd Orchard ("Orchard"), Sales Director-Los Angeles and Iacono's manager, called Iacono and advised him he had been selected in a "resource action" and that he would be departing IBM. Shocked, Iacono asked how he could have been selected for termination given he was a top performer in Orchard's business unit. Orchard responded, "You didn't do anything wrong. We just don't need you anymore." Orchard told Iacono his accounts would be reallocated to other employees. When Iacono asked who would be covering his accounts, Orchard surprisingly responded he did not know yet. Iacono asked how it could have been determined he was not needed anymore if it had not even been decided who would cover his accounts, but Orchard avoided the question. Orchard then told Iacono he would continue to be an employee in good standing until August 17, 2016 at which time he would be "retired" and

receive one month of pay. Orchard also advised Iacono he would be eligible for a "retirement party" with a budget of $750.

14. On May 25, 2016, Iacono received formal notice of his impending layoff.

15. On June 3, 2016, Iacono again spoke with Orchard regarding his selection for layoff. Iacono again asked how he could have been selected for layoff. Orchard responded, "You did absolutely nothing wrong. You've had an exemplary career with IBM. I've always thought highly of you and I know the other managers and your peers have as well. This is due purely to account realignment. You did nothing wrong. Your dismissal is due purely to our internal realignment of the sales coverage."

16. On August 17, 2016, Iacono's layoff from IBM became effective. At the time of his termination, Iacono was a top performer in his sales unit with no performance issues or disciplinary actions. Iacono's largest and most profitable account was given to an employee who was substantially younger than Iacono, and who possessed less skill.

17. In the final 90 days of his employment, Iacono applied for open job postings to remain with IBM, but was denied consideration for positions which he was qualified to perform. IBM refused to communicate with Iacono during his job search, and misled Iacono concerning his opportunity for continued employment.

18. IBM has demonstrated a consistent pattern of targeting older employees, including Iacono, for replacement by younger workers.

19. The stated reasons for Iacono's termination are clearly a pretext for illegal discrimination.

20. During Iacono's employment with Defendants, Iacono suffered unfair and discriminatory treatment in violation of California law. During Iacono's employment, he was wrongfully terminated in violation of California law.

21. Iacono is informed and believes, and thereon alleges, Defendants were motivated to discriminate against him and to wrongfully terminate his employment due to his age.

22. At all relevant times, Iacono was an employee covered by Government Code §§12940 *et seq.*, prohibiting discrimination in employment on the basis of age.

4
**COMPLAINT FOR DAMAGES**

23. At all relevant times, Defendant IBM was an employer within the meaning of Government Code § 12926(d) and, as such, was barred from discriminating in employment decisions on the basis of age as set forth in Government Code §§12940 *et seq*.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION

(Against Defendants and DOES 1-50, Inclusive)

24. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. At the time of his termination, Plaintiff was 57 years old.

26. Defendants engaged in unlawful employment practices in violation of the Fair Employment and Housing Act ("FEHA") by engaging in discriminatory conduct against Plaintiff by terminating Plaintiff's employment, and engaging in other discriminatory conduct against Plaintiff on the basis of his age.

27. Plaintiff is informed and believes and based thereon alleges that his age was a legal factor in Defendants' terminating Plaintiff's employment, and other discriminatory conduct, in violation of Government Code §§ 12940(a) and .

28. The wrongful employment actions alleged above, were, in part due to prohibited discriminatory reasons, including Plaintiff's age, all in violation of statute.

29. By the aforesaid acts and omissions of Defendants and DOES 1-50, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

30. As a further direct and legal result of the acts and conduct of Defendants and DOES 1-50, and each of them, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety, all to his damage in an amount according to proof at the time of trial. Plaintiff does not know at this time the exact duration or permanence of said

1 injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

31. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

32. Plaintiff is informed and believes and thereon alleges that the Defendants and DOES 1-50, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in wilful and conscious disregard of the rights, welfare and safety of Plaintiff thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

33. As a result of conduct of Defendants and DOES 1-50, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

(Against Defendants and DOES 1-50, Inclusive)

34. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. Government Code section 12940(k) provides that "it shall be an unlawful employment practice for . . . an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

36. During the course of Plaintiff's employment with Defendants, Defendants and DOES 1-50, and each of them, breached their affirmative duty to take the reasonable steps necessary to prevent discrimination and retaliation from occurring in the workplace. Specifically, Defendants discriminated against Plaintiff, including but not limited to terminating Plaintiff, in whole or in part, based on his age.

6
**COMPLAINT FOR DAMAGES**

37. As a direct and proximate result of Defendants' and each of their conduct, Plaintiff was subject to unlawful discriminatory and retaliatory conduct on the basis of his age in violation of Government Code section 12940(k).

38. By the aforesaid acts and omissions of Defendants and DOES 1-50, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

39. As a further direct and legal result of the acts and conduct of Defendants and DOES 1-50, and each of them, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety, all to his damage in an amount according to proof at the time of trial. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

40. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

41. Plaintiff is informed and believes and thereon alleges that the Defendants and DOES 1-50, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in wilful and conscious disregard of the rights, welfare and safety of Plaintiff thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

42. As a result of conduct of Defendants and DOES 1-50, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according to proof at the time of trial.

///

///

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants and DOES 1-50, Inclusive)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though set forth in full.

44. As set forth herein, Defendants, and each of them, among other things, terminated Plaintiff's employment. In taking such actions, Defendants were motivated, in whole or in part, by Plaintiff's age.

45. By reason of the aforementioned acts and conduct, Defendants, and each of them, violated the fundamental public policies of the State of California, as embodied in Sections 12940 and 12941 of the California Government Code, and other statutes and regulations. Such fundamental public policies prohibit employers from discriminating against employees based on their age.

46. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, according to proof at the time of trial.

47. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

48. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

49. Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct,

1  and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff thereby
2  justifying the award of punitive and exemplary damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants and DOES 1-50, Inclusive)

50.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 51, inclusive, as though fully set forth herein.

51.  The conduct of Defendants and DOES 1 through 10, and each of them, as set forth above was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside of the compensation bargain. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress.

52.  As a direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

53.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

54.  Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1.  For general damages;

2. For economic and/or special damages in an amount according to proof with interest thereon;

3. For past and future lost income and benefits;

4. For emotional distress;

5. For punitive damages;

6. For attorneys' fees on causes of action where fees are available by law;

7. For costs of suit incurred herein;

8. For prejudgment and post-judgment interest as available by law; and

9 For such other and further relief as this Court may deem just and proper.

DATED: September 15, 2017      MAGNANIMO & DEAN, LLP

By: _____
FRANK A. MAGNANIMO
Attorneys for Plaintiff,
Gerald Iacono

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Gerald Iacono hereby demands a trial by jury.

DATED: September 15, 2017      **MAGNANIMO & DEAN, LLP**

By: _____
FRANK A. MAGNANIMO
Attorneys for Plaintiff,
Gerald Iacono

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Frank A. Magnanimo, Esq. (SBN: 174570)<br>Magnanimo & Dean, LLP<br>21031 Ventura Boulevard, Suite 803<br>Woodland Hills, CA 91364-2235<br>TELEPHONE NO.: (818) 305-3450  FAX NO. *(Optional)*: (818) 305-3450<br>E-MAIL ADDRESS *(Optional)*: frank@magdeanlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 10 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Avelina Harris, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District | |
| PLAINTIFF/PETITIONER: Gerald Iacono<br>DEFENDANT/RESPONDENT: International Business Machines Corporation | CASE NUMBER:<br>BC676571 49 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1821 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ✓ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✓ other *(specify documents)*: Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served)*:
      International Business Machines Corporation, a New York corporation

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Virginia M. Rometty, Chief Executive Officer

4. Address where the party was served:
   1 New Orchard Road, Armonk, NY 10504

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:  from *(city)*:  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Exhibit A Page 16

| PLAINTIFF/PETITIONER: Gerald Iacono | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: International Business Machines Corporation | BC676571 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: September 27, 2017    (2) from *(city)*: Woodland Hills

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section)*:

    [✓] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify)*:
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify)*: International Business Machines Corporation, a New York corporation
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)    [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)
                                   [ ] other:

7. **Person who served papers**
  a. Name: Frank A. Magnanimo
  b. Address: 21031 Ventura Blvd., Suite 803, Woodland Hills, CA 91364
  c. Telephone number: (818) 305-3450
  d. **The fee** for service was: $
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
        (i) [ ] owner [ ] employee [ ] independent contractor.
        (ii) Registration No.:
        (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: October 9, 2017

Frank A. Magnanimo                                   ▶ /s/ Frank A. Mag——
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

Iacono v. International Business Machines Corp.
Case No. BC676571

**Proof of Service of Summons
Attachment**

5.c(4): Return Receipt –

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) C. Date of Delivery 10/4/17 |
| 1. Article Addressed to:<br>Virginia M. Rometty<br>Chief Executive Officer<br>1 New Orchard Road<br>Armonk, NY 10504 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 9590 9402 2498 6306 2761 97 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Return Receipt for Merchandise |
| 2. Article Number (Transfer from service label)<br>7017 0660 0000 6586 5250 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500)<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |