Frank A. Magnanimo, Esq. - SBN 174570
*frank@magdeanlaw.com*
Lauren A. Dean, Esq. - SBN 174722
*lauren@magdeanlaw.com*
MAGNANIMO & DEAN, LLP
21031 Ventura Boulevard, Suite 803
Woodland Hills, California 91364
Telephone:  (818) 305-3450
Facsimile:   (818) 305-3451

Attorneys for Plaintiff
Gerald Iacono

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GERALD IACONO, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:17-cv-08083-FMO-PLA<br><br>**SUPPLEMENTAL DECLARATION OF LAUREN A. DEAN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF STEPHEN LEONARD AND REQUEST FOR SANCTIONS**<br><br>BEFORE THE HONORABLE PAUL L. ABRAMS<br><br>DATE:  January 16, 2019<br>TIME:   10:00 a.m.<br>COURTROOM:  780<br><br>CASE FILED: 09/20/2017<br><br>DISCOVERY CUT OFF: 01/22/19<br>PRETRIAL CONF. DATE:  07/26/19<br>TRIAL DATE:  08/13/19 |

I, Lauren Dean, declare:

1. I am an attorney admitted to practice before the courts of the State of California, and the United States District Court (Central District), and am a partner with the law firm of Magnanimo & Dean, LLP, counsel of record for Plaintiff Gerald Iacono ("Plaintiff"). I have personal knowledge of the facts stated below and if called upon to testify, I could and would competently testify thereto.

2. This Declaration is being filed in support of Plaintiff's Motion to Compel the Deposition of Stephen Leonard and Request for Sanctions.

3. Iacono was scheduled to take the deposition of Mark Dallessandro on September 5, 2018. Attached hereto as Exhibit 1 is a true and correct copy of the Notice.

4. However, because of my accident on September 1, 2018, the deposition never went forward.

5. Thereafter, Iacono noticed only the Rule 30(b)(6) deposition on topics wherein IBM designated Mark Dalessandro. Attached hereto as Exhibit 2 is a true and correct copy of the Notice.

6. The Rule 30(b)(6) deposition went forward on November 6, 2018. On November 6, 2018, Iacono did not take the deposition of Mark Dallessandro in his personal capacity.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 2, 2019 at Woodland Hills, California.

/s/ Lauren A. Dean

1

1

EXHIBIT 1

Frank A. Magnanimo, Esq. - SBN 174570
frank@magdeanlaw.com
Lauren A. Dean, Esq. - SBN 174722
lauren@magdeanlaw.com
MAGNANIMO & DEAN, LLP
21031 Ventura Boulevard, Suite 803
Woodland Hills, California 91364
Telephone:  (818) 305-3450
Facsimile:   (818) 305-3451

Attorneys for Plaintiff
Gerald Iacono

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GERALD IACONO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-08083-FMO-PLA<br><br>**NOTICE OF TAKING THE DEPOSITION OF MARK DALESSANDRO**<br><br>DATE:  September 5, 2018<br>TIME:  10:00 a.m.<br>PLACE:  Olender Reporting, Inc.<br>1100 Connecticut Avenue NW<br>Suite 810<br>Washington, DC 20036<br><br>CASE FILED: 09/20/2017<br><br>DISCOVERY CUT OFF: 09/21/18<br>PRETRIAL CONFERENCE:  03/22/19<br>TRIAL DATE:  04/09/19 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 30, Plaintiff Gerald Iacono ("Plaintiff") will take the deposition of Mark Dalessandro on September 5, 2018 at 10:00 a.m. at the offices of Olender Reporting, Inc. located at 1100 Connecticut Avenue, NW, Suite 810, Washington, DC 20036.  The deposition will be pursuant to a subpoena, a true and correct copy of which is attached hereto as Exhibit A.

1     Pursuant to FRCP 28, said deposition will be recorded stenographically
2 before a certified shorthand reporter and notary public, or other officer duly
3 authorized to administer oaths. The deposition will also be recorded by videotape
4 as authorized by FRCP 30(b)(3)(A).
5     Pursuant to FRCP 32, Plaintiff reserves the right to use any videotaped
6 portion of the deposition testimony at a hearing or trial in this matter. If not
7 completed on the date noticed, the deposition shall be noticed to recommence on a
8 mutually agreeable date in the future.

10 DATED: August 31, 2018     MAGNANIMO & DEAN, LLP

12     By: _____
13         FRANK A. MAGNANIMO
        LAUREN A. DEAN
        Attorneys for Plaintiff

# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Gerald Iacono <br> *Plaintiff* <br> v. <br> International Business Machines Corporation <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 17-cv-8083-FMO (PLAx) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mark Dalessandro

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Olender Reporting, Inc. <br> 1100 Connecticut Ave., NW, Suite 810 <br> Washington, DC 20036 | Date and Time: <br> 09/05/2018 10:00 am |
|---|---|---|

The deposition will be recorded by this method: Stenographic and video-recorded

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2018

*CLERK OF COURT*

OR  /s/ Lauren A. Dean

_____    _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gerald Iacono , who issues or requests this subpoena, are:
Lauren A. Dean, Magnanimo & Dean, 21031 Ventura Blvd., Ste. 803, Woodland Hills, CA 91364; lauren@magdeanlaw.com; (818) 305-3450

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

### Iacono v. International Business Machines Corp.
### LASC Case No. BC676571

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 21031 Ventura Boulevard, Suite 803, Woodland Hills, California 91364. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On August 31, 2018, I served a true and correct copy of the following documents described as: **NOTICE OF TAKING THE DEPOSITION OF MARK DALESSANDRO** on all interested parties by enclosing a true and correct copy thereof in an envelope which was then sealed and addressed as follows:

Momo E. Takahashi, Esq.
Nicole Shaffer, Esq.
JACKSON LEWIS, P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949)885-5233
momo.takahashi@jacksonlewis.com

☐ **BY MAIL:** [C.C.P. § 1013a] – I placed such envelope for collection and mailing pursuant to the ordinary business practices of this firm on the above-referenced date. I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service at Woodland Hills, California, with first-class postage prepaid on the same day that it is placed for collection and mailing.

☒ **BY ELECTRONIC MAIL:** [C.C.P.§ 1010.6] – I caused the foregoing document(s) to be served by electronic transmission to the recipient's email provided above on August 31, 2018. My email address is patti@magdeanlaw.com. The foregoing document was served on the person(s) and in the manner described in an attachment. The file transmission was reported as complete and a copy of the transmission will be maintained in our office.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 31, 2018, at Woodland Hills, California.

Patricia Struntz                          /s/ Patricia Struntz
Type or Print Name                        Signature

2

2

EXHIBIT 2

```
 1 │ Frank A. Magnanimo, Esq. - SBN 174570
   │ frank@magdeanlaw.com
 2 │ Lauren A. Dean, Esq. - SBN 174722
   │ lauren@magdeanlaw.com
 3 │ MAGNANIMO & DEAN, LLP
   │ 21031 Ventura Boulevard, Suite 803
 4 │ Woodland Hills, California 91364
   │ Telephone:  (818) 305-3450
 5 │ Facsimile:  (818) 305-3451
 6 │ Attorneys for Plaintiff
   │ Gerald Iacono
 7 │
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GERALD IACONO, an individual | CASE NO.: 2:17-cv-08083-FMO-PLA |
| Plaintiff, | **NOTICE OF DEPOSITION OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION** |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOES 1-50, inclusive, | DATE:   November 6, 2018<br>TIME:    10:00 a.m.<br>PLACE:  Olender Reporting, Inc.<br>             1100 Connecticut Avenue NW<br>             Suite 810<br>             Washington, DC 20036 |
| Defendants. | |
| | CASE FILED: 09/20/2017 |
| | DISCOVERY CUT OFF: 11/21/18<br>MOTION CUT-OFF:       11/21/18<br>TRIAL DATE:                06/11/19 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 30, on November 6, 2018 at 10:00 a.m. at the office of Olender Reporting, Inc. located at 1100 Connecticut Avenue NW, Suite 810, Washington, DC 20036, Plaintiff Gerald Iacono ("Plaintiff") will take the deposition of Defendant International Business Machines Corporation ("IBM").

---

1

**Notice of Deposition of Defendant International Business Machines Corp.**
{Client Files-NEW/IACO01/001/DISC/00086703.DOC}                                    Printed on Recycled Paper

1 IBM is hereby requested and required, pursuant to FRCP 30(b)(6), to designate and produce a person or persons most knowledgeable and prepared to testify on behalf of IBM on the following matters.

12. The decision and reason for the decision to put on hold hiring for the Aspera Sales Representative position, job post 36595BR.

13. The decision and reason for the decision to cancel hiring for the Aspera Sales Representative position, job post 36595BR.

Pursuant to FRCP 28, said deposition will be recorded stenographically before a certified shorthand reporter and notary public, or other officer duly authorized to administer oaths. The deposition will also be recorded by videotape as authorized by FRCP 30(b)(3)(A).

Pursuant to FRCP 32, Plaintiff reserves the right to use any videotaped portion of the deposition testimony at a hearing or trial in this matter. If not completed on the date noticed, the deposition shall be noticed to recommence on a mutually agreeable date in the future.

DATED: October 30, 2018

MAGNANIMO & DEAN, LLP

By: _____
FRANK A. MAGNANIMO
LAUREN A. DEAN
Attorneys for Plaintiff

2

**Notice of Deposition of Defendant International Business Machines Corp.**
{Client Files-NEW/IACO01/001/DISC/00086703.DOC}        Printed on Recycled Paper

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**Iacono v. International Business Machines Corp.**
**LASC Case No. BC676571**

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 21031 Ventura Boulevard, Suite 803, Woodland Hills, California 91364. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On October 30, 2018, I served a true and correct copy of the foregoing document(s) described as: **NOTICE OF DEPOSITION OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION** on all interested parties as follows:

**SEE ATTACHED "SERVICE LIST"**

☐ **BY MAIL:** [C.C.P. § 1013a] – I placed such envelope for collection and mailing pursuant to the ordinary business practices of this firm on the above-referenced date. I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service at Woodland Hills, California, with first-class postage prepaid on the same day that it is placed for collection and mailing.

☒ **BY ELECTRONIC MAIL:** [C.C.P.§ 1010.6] – I caused the foregoing document(s) to be served by electronic transmission to the recipients' emails provided above on October 30, 2018. My email address is patti@magdeanlaw.com. The foregoing document was served on the person(s) and in the manner described in an attachment. The file transmission was reported as complete and a copy of the transmission will be maintained in our office.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

\_\_Patricia Struntz_____    \_\_/s/ Patricia Struntz_____
Type or Print Name                   Signature

---

3
**Notice of Deposition of Defendant International Business Machines Corp.**
{Client Files-NEW/IACO01/001/DISC/00086703.DOC}                    Printed on Recycled Paper

## SERVICE LIST

**Attorneys for Defendant International Business Machines Corporation:**

Local Counsel:
Momo E. Takahashi, Esq.
*momo.takahashi@jacksonlewis.com*
Nicole Shaffer, Esq.
*Nicole.shaffer@jacksonlewis.com*
JACKSON LEWIS, P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949)885-5233

Washington D.C. counsel:
Alison B. Marshall, Esq.
*abmarshall@jonesday.com*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 879-7611; Fax: (202) 626-1700

New York counsel:
Matthew W. Lampe, Esq.
*mwlampe@jonesday.com*
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-7838; Fax: (212) 755-7306

James M. Jones, Esq.
*jmjones@jonesday.com*
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-7838; Fax: (212) 755-7306