1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11

12   GERALD IACONO,                              )   No. CV 17-8083-FMO (PLAx)
                                                 )
13          Plaintiff,                           )
                                                 )
14          v.                                   )   **ORDER RE: PLAINTIFF'S MOTION TO**
                                                 )   **COMPEL DEPOSITION AND FOR**
15   INTERNATIONAL BUSINESS                      )   **SANCTIONS**
     MACHINES CORPORATION,                       )
16                                               )
            Defendants.                          )
17   _____             )

18          As the background of this action has been set forth in prior discovery orders issued by the

19   Court, it suffices to relate that plaintiff alleges that pursuant to an IBM "Resource Action," i.e.,

20   layoff, he was wrongfully terminated from his employment as a Sales Specialist, at the age of 57,

21   and after 34 years of exemplary service; that at the time of his termination, which was effective

22   August 17, 2016, he was a top performer in his sales unit with no performance issues or

23   disciplinary issues; that he applied for open job postings to remain with IBM, but was denied

24   consideration for positions that he was qualified to perform; and that his accounts were given to

25   an employee who was substantially younger than him and who possessed less skill.  With the

26   close of the already-extended discovery period rapidly approaching, plaintiff has now moved to

27   compel the deposition of Stephen Leonard, General Manager, North America of defendant IBM.

28   (ECF No. 112).

1  Having reviewed and considered the briefing submitted with respect to the Motion, the
2  Court has concluded that oral argument will not be of material assistance in determining the
3  Motion.  Accordingly, the hearing scheduled for January 16, 2019, is **ordered off calendar** (see
4  Local Rule 7-15).

5  Plaintiff in the Joint Stipulation argues that his termination was a result of corporate
6  directives to transform IBM's workforce by forcing out older workers through Resource Actions to
7  make room for new talent and to revitalize skills; that documents show Leonard's involvement in
8  the talent refresh efforts and his testimony would be highly probative on the issue of age
9  discrimination; that Leonard has personal knowledge of defendant's efforts to transform the sales
10  force and shift the mix to early professional hires; that documents show defendant's efforts to shift
11  the mix of employees to include early professional hires; that while IBM was looking to hire early
12  professionals and so-called Summit hires, executives including Leonard were directing Resource
13  Actions that sought to replace managers and executives with external hires with no IBM
14  experience, and that just days after such directives Leonard directed a Resource Action focusing
15  on sales positions like the one held by plaintiff; and that just after the Resource Action that
16  involved plaintiff, Leonard inquired whether reducing experienced hires would reduce costs, and
17  also sought the number of less experienced hires to target in order to "improve" affordability and
18  the vitality mix.  Plaintiff further argues that Leonard's deposition is warranted under the standards
19  set forth in Rule 26 of the Federal Rules of Civil Procedure, that defendant has the burden of
20  showing that the deposition should not be allowed, and that the standards relevant to determining
21  whether an "apex" deposition, i.e., the deposition of a high-placed officer in a company, should be
22  allowed are met here.  He submits that the "anti-employment discrimination" issues to be decided
23  in this action serve an important social and legal function, outweighing claims defendant may
24  make of undue burden, expense or lack of proportionality; that Leonard has first-hand knowledge
25  of matters directly involved in this action; and that the 30(b)(6) witness provided by defendant was
26  not prepared to testify about the talent refresh issues.
27
28

1    Defendant responds that Leonard, who during the relevant time was five management

2    levels above plaintiff, was not involved in the decision to terminate plaintiff and has no knowledge,

3    unique or otherwise, about his separation; that multiple witnesses (including four individuals above

4    plaintiff in the management ladder) have already testified about a talent refresh program, which

5    in any event was unrelated to plaintiff's termination; that plaintiff was included in the Resource

6    Action because his accounts were slated for transfer to other regions, allowing his position to be

7    eliminated; that plaintiff has already conducted extensive discovery, including ten depositions,[1]

8    which included discovery about the talent refresh program, and which shows that while the Sales

9    & Distribution group did undertake a skills transformation initiative, that initiative did not take shape

10   until well after plaintiff was included in the Resource Action, and in any event the talent refresh

11   was not a criterion in plaintiff's selection; and that plaintiff has been aware of Leonard since May

12   2018 but did not raise the issue of deposing him until November 2018, and in fact has never

13   *noticed* his deposition, rendering the Motion premature.[2]  Defendant further responds that plaintiff

14

15    [1]    Defendant asserts that plaintiff has already reached the ten deposition limit, and that those
ten depositions included a multi-topic Rule 30(b)(6) deposition that involved six different witnesses.

16   Plaintiff represents that one of the nine individual witnesses included by defendant in its count,
Mark Dallesandro, was actually deposed only as a Rule 30(b)(6) witness, meaning that plaintiff

17   still has one more deposition.  Plaintiff's Supplemental Memorandum, at 5-6.  Defendant counters
that Dallesandro was deposed only once, but as both an individual and a 30(b)(6) witness.

18   Declaration of Nicole M. Shaffer, ECF No. 112-4, par. 8.  Defendant further argues that this issue
is a new argument that should have been raised in the Joint Stipulation, and not in plaintiff's

19   Supplemental Memorandum.  The Court finds that in the event the deposition ordered herein
would be the eleventh deposition to be taken by plaintiff, plaintiff has made a "particularized

20   showing" warranting that he be allowed to exceed the Rule 30 limit by one additional deposition.
See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn.

21   1999); Fed.R.Civ.P. 30(a)(2)(A)(i).

22

23    [2]    Plaintiff concedes that he never noticed Leonard's deposition, but represents that he
discussed the "need" to conduct his deposition with defense counsel on November 6, 2018, and

24   proposed a date for the deposition, but did not hear back from counsel.  Declaration of Lauren A.
Dean, ECF No. 112-3, par. 12.  He further argues that it would have been futile to serve a Notice

25   of Deposition, as defendant "clearly stated" it would not produce Leonard for a deposition.
Plaintiff's Supplemental Memorandum, at 2.  Defendant counters that on November 9, 2018,

26   plaintiff's counsel raised the issue of deposing Leonard, to which defense counsel responded that
plaintiff had already reached the 10 deposition limit, and that Leonard was not an appropriate

27   deponent.  Declaration of Alison B. Marshall, ECF No. 110-2, par. 2.  The Court finds that plaintiff

28                                                                                              (continued...)

3

1    has not shown that an apex deposition is warranted, in that Leonard does not have first-hand

2    knowledge about the issues involved in this action, and there are other avenues for plaintiff to

3    obtain the evidence he seeks.  In particular, defendant asserts that the talent refresh program is

4    not relevant to plaintiff's case as that program played no role in the Resource Action that involved

5    plaintiff, and in any event plaintiff has already taken discovery on the issue; that the people plaintiff

6    already deposed had knowledge of the considerations and criteria that were used in making the

7    decision about plaintiff; that the Rule 30(b)(6) witness on the talent refresh issue was qualified on

8    the subject, and she testified that she repeatedly discussed the program with Leonard during the

9    course of business; and that Leonard's communications about talent refresh applied to managers

10   and executives, of which plaintiff was neither, and the talent refresh was not to affect salespersons

11   such as plaintiff.  In any event, plaintiff has not shown the need to exceed the 10 deposition limit

12   imposed by the Rules.

13        In his Reply, plaintiff argues that defendant has not shown undue burden if Leonard were

14   to be deposed, or any specific harm from such a deposition.  Indeed, he submits that the talent

15   refresh program is "directly relevant" to his case, and Leonard has unique knowledge of it; that the

16   purpose of the 2016 Resource Action was discriminatory in that it was intended to "purge" older

17   workers from defendant's workforce, and the talent refresh program was used to eliminate older

18   employees; and that such a policy is probative of age discrimination.  Leonard has first-hand

19

20

21        [2](...continued)

22   should have served a notice of deposition on Leonard before bringing this Motion, and he should
     have met and conferred with defendant concerning the issue of the number of depositions.

23   Nevertheless, and mindful of the Rule 1 imperative that the Federal Rules of Civil Procedure be
     "construed, administered, and employed by the court and the parties to secure the just, speedy,

24   and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1; see also Landis
     v. N. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (a court has the inherent

25   power "to control the disposition of the causes on its docket with economy of time and effort for
     itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of

26   judgment, which must weigh competing interests and maintain an even balance")), and well aware
     that the parties are at the very end of the discovery process, the Court finds it appropriate in this

27   instance to address the merits of the issue raised in the Motion.

28

4

1  knowledge of the talent refresh program as he started it, and he did so at the same time as the

2  Resource Action that affected plaintiff.

3      Courts have often observed that discovery seeking the deposition of high-level executives

4  (so-called "apex" depositions) creates "a tremendous potential for abuse or harassment" that may

5  require the court's intervention for the witness's protection under Rule 26(c).  Apple, Inc. v.

6  Samsung Elecs. Co., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citation and quotation marks

7  omitted); see also Kyle Eng'g Co. v. Kleppe, 600 F.2d 226, 231-32 (9th Cir. 1979).  When a party

8  seeks the deposition of an official at the highest level of a corporation, the court may exercise its

9  authority under the federal rules to limit discovery.  Fed. R. Civ. P. 26(b)(1); WebSideStory, Inc.

10  v. NetRatings, Inc., 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).   However, absent

11  extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition.

12  In re Google Litig., 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (citing WebSide Story, Inc.,

13  2007 WL 1120567, at *2).

14      "In determining whether to allow an apex deposition, courts consider (1) whether the

15  deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2)

16  whether the party seeking the deposition has exhausted other less intrusive discovery methods."

17  In re Google Litig., 2011 WL 4985279, at *2; Apple, Inc., 282 F.R.D. at 263.   Thus, courts

18  generally require the party noticing the deposition to make at least some preliminary showing that

19  the deponent has unique, non-repetitive, first-hand knowledge of facts at issue in the case.  Bicek

20  v. C & S Wholesale Grocers, Inc., 2013 WL 5425345, at *5 (E.D. Cal. Sept. 27, 2013) (citing

21  Groupion, LLC v. Groupon, Inc., 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012), WebSideStory,

22  Inc., 2007 WL 1120567, at *2-3 (when an apex witness has personal knowledge of facts relevant

23  to the lawsuit -- even if that witness is a corporate president or CEO -- he is subject to deposition)).

24  Additionally, "courts generally refuse to allow the immediate deposition of a high level executive

25  . . . before the testimony of lower level employees with more intimate knowledge of the case has

26  been secured."  K.C.R. v. Cty. of L.A., 2014 WL 3434257, at *3-4 (C.D. Cal. July 11, 2014) (citing

27  Google Inc. v. Am. Blind & Wallpaper Factory, Inc., 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept.

28  6, 2006), Mehmet v. PayPal, Inc., 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009)).  The apex

1 doctrine does not protect high-level executives from deposition in all circumstances, however, and

2 "a party seeking to prevent a deposition carries a heavy burden to show why discovery should be

3 denied." Apple Inc., 282 F.R.D. at 263. A claimed lack of knowledge by the apex witness, by

4 itself, is insufficient to preclude a deposition. In re Google Litig., 2011 WL 4985279, at *2 (citing

5 WebSideStory, 2007 WL 1120567, at *2).

6       Here, accepting as fact that Leonard is a high-ranking executive with defendant and is

7 subject to the apex deposition framework, defendant has not submitted any sort of declaration

8 from Leonard that describes his knowledge, or lack thereof, of the action that led to plaintiff's

9 termination, or any sort of burden to him or defendant if he were ordered to appear at a deposition.

10 Plaintiff, on the other hand, has demonstrated that Leonard has intimate knowledge of personnel

11 matters at IBM, including the talent refresh program, and has shown that he was familiar with

12 defendant's personnel goals during the time frame of plaintiff's termination. While he may have

13 had no first-hand knowledge of plaintiff himself at the relevant time, his involvement in the

14 corporate culture that is described in various communications of which he was an author or

15 participant and which extends to information about defendant's alleged attempts to form a younger

16 workforce, is relevant to plaintiff's allegations of age discrimination, and warrants further

17 exploration. Plaintiff has shown Leonard's unique, first-hand knowledge of the subject issues, and

18 plaintiff has also exhausted attempts to obtain the full range of this information from lower-level

19 employees. Defendant has not met its "heavy burden" to show why this discovery should be

20 denied.

21 /

22 /

23 /

24 /

25 /

26 /

27 /

28 /

6

1    Accordingly, plaintiff's Motion is **granted**. **No later than January 11, 2019**, the parties shall

2    telephonically confer and set a date for the deposition of Stephen Leonard, to take place **no later**

3    **than January 25, 2019**, at a place and commencing at a time to be determined by defendant.

4    The deposition may not exceed three hours in length. **No later than January 11, 2019**, the

5    parties shall file a notice with the Court containing the deposition details.

6    Plaintiff's request for sanctions is **denied**.

7    **It is so ordered**.

8

9    DATED: January 8, 2019

10                                                    PAUL L. ABRAMS
                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7